NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN BERGER (SBN 250346)
jberger@cpmlegal.com
ERIC J. BUESCHER (SBN 271323)
ebuescher@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 692-3606

*Attorneys for Relators*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **JUSTIN DOOLEY** and **JAMES SCHELLENBERG,**<br><br>           Plaintiffs,<br><br>    vs.<br><br>**METIC TRANSPLANTATION LAB, INC.**, a California corporation; **YUICHI IWAKI**, an individual; and **UNIVERSITY OF SOUTHERN CALIFORNIA**, a California corporation,<br><br>           Defendant. | Case No. CV 13-7039-SJO (JEMx)<br><br>**STIPULATED PROTECTIVE ORDER** |

# STIPULATED PROTECTIVE ORDER

## 1. PURPOSES, LIMITATIONS AND GOOD CAUSE

### A. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (referred to herein as "Stipulated Protective Order," "Protective Order," or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve non-public commercial, financial, and/or propriety information, as well as individual patients' protected health information, for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, nonpublic and/or proprietary information regarding kidney transplantation laboratory testing and other proprietary business practices; nonpublic or proprietary operational reports and similar business information; and personal identifying information related to patients' kidney transplantation laboratory testing that implicates patients' privacy

rights under state and federal statutes. Prejudice or harm to a Party or Non-Party may result if no protective order is granted. In particular, the privacy rights of Defendants' past and present patients could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order. In addition, Defendants' business interests would be undermined if their proprietary information is disclosed for purposes outside those permitted in this Stipulated Protective Order.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for trial, to address the handling of such material at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 <u>Action</u>: This pending federal law suit, captioned as *United States of America ex rel. Justin Dooley and James Schellenberg vs. Metic Transplantation Lab, Inc., et al.*, Case No. CV 13-7039-SJO (JEMx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement. "CONFIDENTIAL" Information or Items include, but are not limited to, "Confidential Health Information," which includes "individually

identifiable health information" as defined in 45 C.F.R. § 160.103, and "medical information" as defined in Cal. Civil Code § 56.05(j). Any Confidential Health Information/medical information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; to the provisions of 45 C.F.R. §§ 164.102-164.534; to the provisions of 42 U.S.C. § 1306; to the provisions of Cal. Civil Code §§ 56.05 *et. seq.*, the California Confidentiality of Medical Information Act; to the peer review confidentiality provisions set forth in California Evidence Code § 1157, and/or to the privacy provisions of various state(s) law(s), and there may be no waiver or authorization by the patient or other holder of privilege/protection to produce the records to any entity outside one of the Parties. All patient files, medical records and documents, or other materials containing individually identifiable health information, and the proceedings and records of peer review committees, shall be deemed to be CONFIDENTIAL.

  2.4 "Attorneys' Eyes Only" Information or Items: Confidential information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G) that is of a highly sensitive nature and that could be used by Plaintiffs/Relators to the direct competitive detriment of the Producing Party or to a third party to whom the Producing Party owes a duty of confidentiality by agreement or operation of law.

  2.5 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

  2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.9     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "Attorneys' Eyes Only," including Confidential Health Information/medical information.

2.16    Qualified Persons:  The persons listed in Section 7.2 of this Order to whom information marked "CONFIDENTIAL" may be disclosed.

2.17    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Protective order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.  This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation requires that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b)  For testimony given in deposition or in other pretrial or trial proceedings, designation requires that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

When it is impractical to identify separately each portion of deposition testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary and for any other tangible items, designation requires that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Moreover, any document containing Confidential Health Information/ medical information shall be treated as Protected Material regardless of whether or not such a designation is included in or on the document.

      5.4    <u>Effect of Designation</u>.  The designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not be construed as an admission of the relevance or confidentiality of such information in the Action.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of Protected Material at any time that is consistent with the court's Scheduling Order.

      6.2    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

      6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the

1  conditions described in this Order.  When the action has been terminated, a
2  Receiving Party must comply with the provisions of section 13 below (FINAL
3  DISPOSITION).
4     Protected Material must be stored and maintained by a Receiving Party at a
5  location and in a secure manner that ensures that access is limited to the persons
6  authorized under this Order.  Qualified Persons shall take reasonable measures to
7  safeguard and maintain the confidentiality and security of Protected Material in
8  accordance with applicable law.
9     7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless
10 otherwise ordered by the court or permitted in writing by the Designating Party, a
11 Receiving Party may disclose any information or item designated
12 "CONFIDENTIAL" only to the following Qualified Persons:
13    (a)  the Receiving Party's Outside Counsel of Record in this action and
14 their support staff, as well as any other employees or third-party vendors of said
15 Outside Counsel of Record to whom it is reasonably necessary to disclose the
16 information for this action and who have signed the "Acknowledgment and
17 Agreement to Be Bound" that is attached hereto as Exhibit A;
18    (b)  the officers, directors, and employees (including House Counsel) of
19 the Receiving Party to whom disclosure is reasonably necessary for this litigation
20 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
21 A);
22    (c)  Experts (as defined in this Order) of the Receiving Party to whom
23 disclosure is reasonably necessary for this litigation and who have signed the
24 "Acknowledgment and Agreement to Be Bound" (Exhibit A);
25    (d)  the court and its personnel
26    (e)  court reporters and their staff, professional jury or trial consultants,
27 mock jurors, and Professional Vendors to whom disclosure is reasonably necessary
28

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  any deponent, prospective witness, or trial witness where necessary to the testimony of such witness, provided there is a reasonable basis to believe that disclosure of the Protected Material to the witness will lead to relevant testimony or the discovery of admissible evidence, and only to the extent that the witness authored or received a copy of the Protected Material through legitimate means prior to being presented the Protected Material by Counsel or had knowledge of the subject matter described therein, and provided the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)  mediators or similar outside parties and their staffs enlisted by all Parties to assist in the resolution of this matter; or

(i)  any other person with the prior written consent of the Producing Party.

7.3  Disclosure of "ATTORNEYS' EYES ONLY" Items or Information. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the following Qualified Persons:

(a)  the Receiving Party's Outside Counsel of Record in this action and their support staff, as well as any other employees or third-party vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court, the jury, Court personnel, court reporters, and similar personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any deponent, prospective witness, or trial witness in this action, provided there is a reasonable basis to believe that disclosure of the Protected Material to the witness will lead to relevant testimony or the discovery of admissible evidence, and only to the extent that the witness authored or received a copy of the Protected Material through legitimate means prior to being presented the Protected Material by Counsel or had knowledge of the subject matter described therein, and provided the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) any person who was involved in the preparation of the document or who received or reviewed it prior to the litigation;

(g) mediators or similar outside parties and their staff enlisted by all Parties to assist in the resolution of this matter; or

(h) any other person with the prior written consent of the responding party.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Ord€ and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in

these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)  make the information requested available for inspection by the €-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. A Party has the right to bring before the court at any time the question of whether any particular information is relevant to the subject matter or issues involved in the Action, and such right is hereby expressly reserved.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested

persons, a Party may not file in the public record in this action any Protected Material. If a Party intends to file a document containing Protected Material in connection with a discovery motion or discovery proceeding, that Party shall file the document under seal, in an envelope clearly designating the document as being subject to this Order and not to be opened except by the court or pursuant to a court order. If a Party intends to file a document containing Protected Material in connection with any court proceeding seeking adjudication of matters other than discovery motions or proceedings, that Party shall file the document in accordance with the procedures set forth in Civil Local Rule 79-5. No Protected Material may be used in such a way (including lodging or filing) that would permit it to become part of the public record without the Party who designated and produced the Protected Material having an opportunity to move to seal the Protected Material. The Party who received information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall cooperate in good faith with the Party who designated the Protected Material in facilitating that Party's attempt to obtain a court order sealing the Protected Material.

12.4   <u>Parties' Agreement to Be Bound</u>.  Regardless of whether this Protective Order becomes an order of the court or is modified by the court, the Parties agree to be bound by the terms of this Protective Order until such time as it is superseded by an order of the court.

**13.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4 of the Stipulated Protective Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

1 person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
2 (by category, where appropriate) all the Protected Material that was returned or
3 destroyed, and (2) affirms that the Receiving Party has not retained any copies,
4 abstracts, compilations, summaries or any other format reproducing or capturing any
5 of the Protected Material. Notwithstanding this provision, Counsel are entitled to
6 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
7 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
8 reports, attorney work product, and consultant and expert work product, even if such
9 materials contain Protected Material. Any such archival copies that contain or
10 constitute Protected Material remain subject to this Protective Order as set forth in
11 Section 4 (DURATION).

12     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13 Dated: November 30, 2016    **COTCHETT, PITRE & McCARTHY, LLP**

15
16       By: /s/ Emanuel Townsend
          EMANUEL B. TOWNSEND
17        *Attorneys for Relators*

19 Dated: November 30, 2016    **DAVIS WRIGHT TREMAINE LLP**

20       By: /s/ Samantha Funk
          SAMANTHA FUNK
21        *Attorneys for Defendants*

23 Dated: November 30, 2016    **NELSON HARDIMAN LLP**

25       By: /s/ Jonathan Radke
          JONATHAN RADKE
26        *Attorneys for Defendant*

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

Dated: December 5, 2016

4

                                  Hon. John E. McDermott

5                  United States District Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *United States of America ex rel. Justin Dooley and James Schellenberg vs. Metic Transplantation Lab, Inc., et al*., Case No. CV 13-7039-SJO (JEMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

STIPULATED PROTECTIVE ORDER; Case No. CV 13-7039-SJO (JEMx)    18
312543.1